IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA

KELLI D. LARSEN,           CASE NO.: 13-007172-CI

    Plaintiff,

vs.

CITIMORTGAGE, INC.,           DEMAND FOR JURY TRIAL

    Defendant.
_____/

## COMPLAINT

**COMES NOW,** Plaintiff, KELLI D. LARSEN, by and through undersigned counsel, and hereby sues Defendant, CITIMORTGAGE, INC., and states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in Pinellas County, Florida.

2. This is an action for damages exceeding $15,000.00.

3. Defendant is a Foreign Profit Corporation as registered with Florida Department of State, Division of Corporations.

4. Defendant is a "Creditor", as defined by the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statute § 559.55(3).

5. The debt is a consumer debt as defined by the FCCPA, Florida Statute §559.55(1), as it was incurred by Plaintiff for household purposes.

6. At all times herein, Defendant's conduct with regard to the debt complained of below, qualifies as a "communication" as defined by Florida Statute § 559.55(5).

7. Florida Statute § 559.77(2) provides for the award of up to $1,000.00 statutory damages per provision, plus actual damages and an award of attorney's fees and court costs to Plaintiff should Plaintiff prevail.

8. Title 47 of the United States Code, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made by an automatic telephone dialing system to Plaintiff's mobile cell phone in violation of the TCPA or the regulations proscribed under the TCPA.

9. Additionally, 47 U.S.C. § 227(b)(3) allows the trial court to increase the penalty up to three times (3X) for each telephone call made by an automatic telephone dialing system to Plaintiff's mobile cell phone, knowingly and willfully made in violation of the TCPA or the regulations proscribed under the TCPA.

10. At all times herein, Defendant had knowledge of the TCPA and its terms and prohibitions.

11. At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

12. Defendant's telephone calls, as alleged herein, were made to Plaintiff's mobile cell phone using an automatic telephone dialing system or artificial or pre-recorded voice, and were made in violation of the TCPA.

13. It is alleged by Defendant that Plaintiff owes a debt regarding past due monies to CitiMortgage for Account No. xxx-xxx-8721-7.

14. On or about the beginning of December 2011, Plaintiff retained Boss, Arrighi & Hoag, P.L. (formerly known as Yesner & Boss, P.L.), for the purpose of stopping the harassing telephone calls Defendant was placing to Plaintiff's mobile cell phone.

15. On December 5, 2011, the undersigned law firm issued a cease and desist notice, putting Defendant on notice of the firm's representation of Plaintiff in relationship to the collection of the alleged consumer debt, via facsimile transmission to (866) 641-4350, CitiMortgage's loss mitigation/short sale department. See: Exhibit "A".

16. On December 5, 2011, Plaintiff clearly and unequivocally revoked any and all permission Defendant had to call Plaintiff's mobile cell phone. See: Exhibit "A".

17. Commencing from the beginning of December 2011 and continuing forward, Defendant continually and repeatedly called Plaintiff's mobile cell phone using an automatic telephone dialing system or artificial or pre-recorded voice, including but not limited to, computer-assisted dialing systems to place the telephone calls originating from (636) 261-2484, (866) 272-4749 and (512) 864-6184. See: Exhibit "B".

18. On August 27, 2012, Plaintiff, for the second time, clearly and unequivocally revoked via certified mail received by Defendant on August 29, 2012, any and all permission of Defendant to call Plaintiff's mobile cell phone, explicitly informed Defendant of the existing violations, and made clear that any future calls would be considered knowing and willful if not stopped immediately. <u>See</u>: Exhibit "C".

19. Defendant knowingly and willfully called Plaintiff's mobile cell phone after August 29, 2012 from telephone number (866) 272-4749 after Defendant had unequivocal notice that Plaintiff was represented by the undersigned counsel and could readily ascertain the undersigned's contact information. <u>See</u>: Exhibit "B".

20. Plaintiff's attorney did not fail to respond within a reasonable period of time to a communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate the communications.

21. Plaintiff suffered continuing harassment, frustration, increased anxiety, emotional distress, insomnia, embarrassment, intimidation and feelings of threats as a result of Defendant's persistent collection activity.

22. All conditions precedent have been performed or have occurred.

### COUNT I:
### FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")
### VIOLATION OF FLORIDA STATUTE § 559.72(7)

23. Plaintiff incorporates all allegations in paragraphs 1-22 as if stated fully herein.

24. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

25. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with the debtor with such frequency as can reasonably be expected to abuse or harass the debtor. <u>See</u>: Exhibit "B".

26. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's mobile cell phone despite having knowledge of Plaintiff's representation by the undersigned counsel with regards to the alleged debt owed and despite knowing Plaintiff revoked consent for Defendant to continually call Plaintiff's mobile cell phone. Defendant's persistent collection activity knowingly, willfully and repeatedly invaded Plaintiff's privacy. <u>See</u>: Exhibits "A" & "B".

**WHEREFORE**, Plaintiff, KELLI D. LARSEN, demands judgment against Defendant, CITIMORTGAGE, INC., for the following relief:

 a. any actual damages sustained by Plaintiff as a result of the above allegations;

 b. additional damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

 c. in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff;

 d. and, any other relief the court deems just and proper.

## COUNT II:
## FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA") VIOLATION OF FLORIDA STATUTE § 559.72(9)

27. Plaintiff incorporates all allegations in paragraphs 1-22 as if stated fully herein.

28. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

29. Defendant violated Florida Statute § 559.72(9) when it attempted to claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

30. Specifically, despite having received notice that undersigned counsel represented Plaintiff with regard to the alleged debt owed, Defendant continued to call Plaintiff numerous times on her mobile cell phone in its attempts to collect on the alleged debt, when it knew Defendant's right had been revoked and the legal right to contact Plaintiff no longer existed. **See:** Exhibits "A" & "B".

**WHEREFORE**, Plaintiff, KELLI D. LARSEN, demands judgment against Defendant, CITIMORTGAGE, INC., for the following relief:

 a. any actual damages sustained by Plaintiff as a result of the above allegations;

 b. additional damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.  in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff;

d.  and, any other relief the court deems just and proper.

## COUNT III:
## FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA") VIOLATION OF FLORIDA STATUTE § 559.72(18)

31. Plaintiff incorporates all allegations in paragraphs 1-22 as if stated fully herein.

32. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

33. Defendant violated Florida Statute § 559.72(18) when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel in relationship to collection of the alleged consumer debt and could reasonably ascertain the name and address of counsel.

34. Specifically, Defendant continued to place telephone calls to Plaintiff's mobile cell phone despite having actual knowledge of undersigned counsel's representation of Plaintiff. See: Exhibits "A" & "B".

**WHEREFORE**, Plaintiff, KELLI D. LARSEN, demands judgment against Defendant, CITIMORTGAGE, INC., for the following relief:

a.  any actual damages sustained by Plaintiff as a result of the above allegations;

b.  additional damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.  in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff;

d.  and, any other relief the court deems just and proper.

## COUNT IV:
## TELEPHONE CONSUMER PROTECTION ACT ("TCPA")
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)

35. Plaintiff incorporates all allegations in paragraphs 1-22 as if stated fully herein.

36. Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

37. Defendant utilized an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A-B) to place the unauthorized telephone calls that Defendant made to Plaintiff's mobile cell phone, from the beginning of December 2011 and continuing forward. **See:** Exhibit "B".

38. Defendant independently violated 47 U.S.C. § 227(b)(1)(A) for each unauthorized telephone call Defendant placed to Plaintiff's mobile cell phone, with an automatic telephone dialing system, from the beginning of December 2011 and continuing forward. **See:** Exhibit "B".

39. Any independent violation of 47 U.S.C. § 227(b)(1)(A) after August 29, 2012, is considered knowing and willful because:

   a) Plaintiff revoked Defendant's permission to call Plaintiff's mobile cell phone number, **See:** Exhibit "A",

   b) despite having no affirmative legal duty to mitigate damages for violations of the TCPA, Plaintiff notified Defendant of the existing TCPA violations as of August 29, 2012, **See:** Exhibit "C",

   c) and Plaintiff explicitly warned Defendant that continued violations could be considered knowing and willful entitling Plaintiff to treble damages pursuant to 47 U.S.C. § 227(b)(3), **See:** Exhibit "C".

40. Specifically, Defendant made several telephone calls to Plaintiff's mobile cell phone using an automatic telephone dialing system or artificial or pre-recorded voice, in its attempts to collect on the alleged debt owed. **See:** Exhibit "B".

41. The telephone calls made to Plaintiff by Defendant are considered willing and knowing violations of the TCPA, as Defendant is a sophisticated, home mortgage lender that is well aware of the TCPA and its prohibitions, and was given notice by undersigned counsel to stop communicating with Plaintiff by any means. **See:** Exhibits "A" & "C".

42. Each call made to Plaintiff's mobile cell phone using an automatic telephone dialing system, after consent has been revoked for a second time, is a call made in knowing and willful violation of the TCPA.

**WHEREFORE**, Plaintiff, KELLI D. LARSEN, demands judgment against Defendant, CITIMORTGAGE, INC., for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations of the TCPA occurring after December 5, 2011;

b. an award of statutory treble damages pursuant to 47 U.S.C. § 227(b)(3) in the amount of $1,500.00 for any unauthorized calls placed after August 29, 2012 as knowing and willful violations, but not less than $500.00 for each of the unauthorized calls pursuant to 47 U.S.C. § 227(b)(3)(B);

c. and, any other relief the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, KELLI D. LARSEN, demands a trial by jury as to all issues.

Dated this 10 day of JULY, 2013.

Boss, Arrighi & Hoag, P.L.

Brian M. Hoag, Fla. Bar No.: 12339
Service Email: **cpservice@protectyourfuture.com**
Email: bhoag@protectyourfuture.com
9800 Fourth Street North, Suite 402
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:   (888) 503-2182
**Attorney for Plaintiff**